IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JOHN H. RUSSELL,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    NO:   2:11-CV-75<br>) |
| STEPHANIE CAROL GARDNER,<br>    Defendant. | )<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

This motor vehicle accident case is before the Court on the motion of the defendant to dismiss, [Doc. 3]. The plaintiff has responded in opposition to the motion to dismiss, [Doc. 5], and the defendant has replied, [Doc. 6], and the matter is now ripe for disposition. In her motion, defendant seeks an order of the Court dismissing the claim for punitive damages. For the reasons which follow, defendant's motion will be GRANTED.

Federal Rule of Civil Procedure 12(b)(6) provides that the Court may, upon motion, dismiss a claim for relief asserted in any pleading for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a) requires the party pleading a claim for relief to make a "short and plain statement of the claim showing that the pleader is entitled to relief." When evaluating such a claim in the context of a Rule 12(b)(6) motion, the Court must ordinarily accept as true all of the well-pleaded factual allegations of the complaint. However, Rule 8(a) has been interpreted to require that the pleader allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, the factual allegations themselves "must be enough to raise a right to relief above the speculative level . . . ." *Id.*

*Twombly* established a test of "facial plausibility," replacing the prior standard, announced

in *Conley v. Gibson*, 355 U.S. 41 (1957), under which a complaint was able to withstand a motion to dismiss if there were any possibility that the pleader could prove a viable claim for relief. [1] Expanding upon *Twombly's* "facial plausibility" test, the Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, (2009), held that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* reiterated the principle that legal conclusions, couched as factual allegations, need not be accepted as true, and that the mere recital "of the elements of a cause of action, supported by mere conclusory statements," cannot save a claim from dismissal under Rule 12(b)(6). *Id.* at 1950. Further, *Iqbal* allows the reviewing court "to draw on its judicial experience and common sense" when deciding if it is plausible that the pleader can, based on the facts alleged, obtain any relief. *Id.*

Federal Rule of Civil Procedure 15(a) authorizes the court to freely grant leave to amend its complaint to allege sufficient facts to meet the required pleading standard when there is no "undue delay, bad faith, or dilatory motive on the part of the movant." *Foman v. Davis*, 371 U.S. 178, 182 (1962). While the defendant has stated in her motion that she does not object to plaintiff amending his complaint to allege the necessary factual allegations, if he has them, plaintiff has not formally requested leave to amend. Furthermore, *Iqbal* specifically directs that *no* discovery may be conducted in order to allow plaintiff to obtain the factual information necessary to plead her claims with facial plausibility even when the information needed to establish a claim is solely within the purview of the defendant or a third party. *Iqbal*, 129 S. Ct. at 1954 ("Because respondent's

---

[1] Plaintiff, in his response to the motion, relies largely on the now abrogated standard of *Conley v. Gibson*.

complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."). Although prior to *Twombly* and *Iqbal* the Court would likely have allowed a case such as this to go forward to discovery, that option is no longer available. *See New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046 (6th Cir. 2011).

The facts of the case, taken as true, are set out in paragraph 4 of the complaint:

> 4. On or about January 31, 2010, Plaintiff was driving his 2000 Ford Taurus on Interstate 26 West in Washington County, Tennessee, when his vehicle was "rear-ended" by the 2008 Acura being driven by Defendant. Defendant's actions, in rear-ending Plaintiff's vehicle with her vehicle, were the exclusive cause of the motor vehicle collision.

[Doc. 1-1]. In paragraph 5 of the complaint, plaintiff alleges that defendant was "negligent in the operation of her vehicle" and that her "negligence was manifested in the following ways, among others:" (a) failure to maintain a proper distance from defendant's vehicle; (b) failure to keep a proper lookout ahead; (c) failure to see and be aware of what was in defendant's view; (d) failure to avoid a collision when, in the exercise of reasonable care, defendant could have done so; (e) failure to use due and reasonable care in the operation of her vehicle with disregard for the safety of others; (f) driving her vehicle into the back of plaintiff's vehicle; (g) failure to avoid an immediate hazard; (h) following too closely; and (i) driving at an unsafe speed under the attendant circumstances. In paragraph 7 of the complaint plaintiff alleges that "Defendant's actions amounted to recklessness and/or gross negligence, thus entitling Plaintiff to punitive damages."

In this diversity action, the Court applies Tennessee law. In Tennessee, punitive damages may be awarded "only in the most egregious of cases" where the defendant has acted either intentionally, fraudulently, maliciously, or recklessly. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992). "A person acts recklessly when the person is aware of, but consciously

disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all circumstances." *Id.* "[I]t takes something far greater than lack of ordinary care to sustain an award for punitive damages." *Richardson v. Gibalski*, 625 S.W.2d 715, 717 (Tenn. Ct. App. 1979). Tennessee courts permit punitive damages in automobile accident cases "[i]n some limited circumstances." *Anderson v. U.S.A. Truck, Inc.*, 2008 WL 4426810 (Tenn. Ct. App.).

Defendant asserts that plaintiff pleads only a case of ordinary negligence here and pleads no facts to plausibly show that defendant's conduct was of such an egregious nature as to permit punitive damages in this case. Defendant further alleges that plaintiff's allegations of recklessness and gross negligence are nothing more than conclusory statements without underlying facts to support them.[2] Plaintiff responds that he specifically describes the facts of the case, a variety of Tennessee statutes that were violated by the defendant and "gives further description of Defendant's actions/inaction by averring that they amounted to 'recklessness' and 'gross negligence,' . . ." He argues that his complaint, read in its entirety, plausibility states enough facts to state a claim for punitive damages.

The Court is constrained to agree with the defendant. As noted above, plaintiff's allegations of fact, taken as true, are contained in paragraph 4 of the complaint and these facts describe a typical rear-end type collision followed by very specific allegations of "negligence" on the part of the defendant. Plaintiff pleads no facts which suggest that defendant consciously disregarded a substantial and justifiable risk constituting a gross deviation from the standard of care which would

---

[2] Although plaintiff alleges in paragraph 7 of the complaint that defendant's conduct was both reckless and grossly negligent, plaintiff asserts in his response to the motion only that he has sufficiently pled reckless conduct.

4

differentiate this case from any other alleging negligence in the context of a rear-end motor vehicle collision.

Furthermore, plaintiff's label's of "recklessness" and "gross negligence" are conclusory statements which are essentially meaningless absent the allegation of sufficient facts to establish a plausible possibility of entitlement to punitive damages in the case. As noted above, the Court might ordinarily afford plaintiff the opportunity to amend his complaint to allege further facts; however, plaintiff has not sought leave to amend his complaint and the motion to dismiss has been pending for about ten (10) months. In addition, as noted above, under the Supreme Court's holding in *Iqbal*, the Court has no discretion to permit plaintiff to discover through the ordinary discovery processes further facts which would allow him to plausibly plead a claim for punitive damages.

For the foregoing reasons, the motion to dismiss, [Doc. 3], is GRANTED and plaintiff's claim for punitive damages is DISMISSED.

So ordered.

ENTER:

                                                                     s/J. RONNIE GREER
                                                  UNITED STATES DISTRICT JUDGE